**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

M.B., a minor, by his parents and next    )
friends, J.B. and S.B., et al.,    )
    )
    Plaintiffs,    )
    )
v.    )  Case No. 1:22-cv-00930
    )
THE SCHOOL BOARD OF FAIRFAX    )
COUNTY    )
    )
    Defendant.    )

## ANSWER OF FAIRFAX COUNTY SCHOOL BOARD

Defendant Fairfax County School Board ("School Board"), by counsel, and pursuant to Fed. R. Civ. P. 12, files the following Answer to the Complaint filed by Plaintiff M.B. ("Student"), by and through his Parents, J.B. and S.B. ("Parents"), and by Parents themselves (collectively, "Plaintiffs").

### Introductory Statement

This is an action brought pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1415(i)(2), in which Plaintiffs seek to overturn the decision of an independent administrative Hearing Officer ("Hearing Officer") denying their claims for reimbursement of private school tuition and other relief. Specifically, that Hearing Officer, in a May 24, 2022 amended decision, concluded with respect to claims brought under IDEA, *inter alia*, that: (1) Fairfax County Public School ("FCPS") provided sufficient services and special education for M.B. to make progress towards his Individualized Education Program ("IEP") goals and objectives during the 2019-20 school year; (2) M.B.'s temporary learning plan ("TLP") did not deny M.B. a free appropriate public education ("FAPE") during the 2019-20

1

school year; (3) FCPS did not deny M.B. a FAPE during the 2019-20 school year;  (4) FCPS provided sufficient services and special education for M.B. to make progress towards his IEP goals and objectives during the 2020-21 school year; (5) FCPS designed M.B.s educational programing during the pandemic closures and reopening of the 2020-21 school year according to his unique circumstances; (6) there was insufficient evidence to show that the recovery services provided by FCPS to M.B. were deficient; (7) FCPS did not deny M.B. a FAPE during the 2020-21 school year; (8) FCPS provided sufficient services and special education for M.B. to make progress towards his IEP goals and objectives during the 2021-22 school year; (9) FCPS based its decision to place M.B. at Burke School for the 2021-22 school year on M.B.'s unique circumstances; (10) FCPS offered a placement designed to meet M.B.'s unique disability and related needs for the 2021-22 school year; and (11) FCPS did not deny M.B. a FAPE during the 2021-22 school year.

The Hearing Officer reach her decision after personally hearing seven days of testimony from eighteen witnesses, and considering written education plans, numerous educational and other evaluations, and a large number of exhibits (over 170). Her decision in this regard is thorough and refers to the testimony and other evidence presented in the administrative hearing ("Hearing"). It is amply supported by that evidence and correctly applies the applicable legal principles. Giving due weight to that decision – including the Hearing Officer's opportunity to personally observe the witnesses, and her assessment of their credibility – it should be affirmed, and Plaintiff's requested relief should be denied.

## **First Defense**

The Complaint, or part of it, fails to state a claim against Defendant upon which relief can be granted.

## Second Defense

Defendant states that any of Plaintiffs' claims accruing more than two years from the filing of the due process hearing request, which the Hearing Officer deemed to be January 28, 2022, are barred by Plaintiffs' failure to timely raise those claims within IDEA's two-year statute of limitations, prescribed by 20 U.S.C. § 1415(b)(6)(B).

## Third Defense

Defendant states that to the extent Plaintiffs' claims were not timely and properly raised during the administrative proceedings, and/or were abandoned by Plaintiffs, those claims have not been exhausted and have been waived.

## Fourth Defense

Plaintiffs' claims, or some of them, are barred by waiver, laches and/or estoppel by Plaintiffs' agreement to certain of the IEP's and placement involved, and/or Plaintiffs' failure to object to them or raise them at a time when they could have been timely addressed.

## Fifth Defense

Defendant incorporates by reference all defenses and arguments which it raised in the administrative proceedings, including, but not limited to, its Answer to the Request for Hearing, and its Proposed Findings of Fact, Conclusions of Law, and Argument (Closing Argument).

## Sixth Defense

Defendant will rely upon all other defenses found to be factually justified during the course of discovery or trial, if any, of this action.

## Seventh Defense

In response to the corresponding numbered paragraphs in the Complaint, Defendant responds as follows:

1.   In response to the first sentence of Paragraph 1, Defendant admits that the Complaint is captioned in the name of the Student, identified as "M.B.", and his Parents, but denies that any of the claims found here or in the rest of the paragraph are founded, and denies all other allegations in this paragraph for that reason.

2.   In response to the allegations contained in Paragraph 2 of the Complaint, Defendant admits that this Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1331 and relevant provisions of IDEA. Defendant denies that this Court has jurisdiction over any claims pursuant to the Rehabilitation Act of 1973 ("Section 504"), which were not pursued during the administrative hearing. Defendant further denies that this Court has jurisdiction over any claims under 29 U.S.C. §794; 28 U.S.C. §1343; and 42 U.S.C. §1983. Defendant denies that declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Defendant denies that this Court has pendent jurisdiction pursuant to Va. Code § 22.1-213 et seq., (2003).

3.   In response to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that Plaintiffs exhausted their administrative remedies only as to the IDEA-based claims raised in the Hearing, and that they seek to reverse the Hearing Officer's May 24, 2022, amended decision, but denies that their claims are founded.

4.   In response to the allegations contained in the first sentence of Paragraph 4 of the Complaint, Defendant admits Student's age, that he has an educational disability, and that he resided in Fairfax County, Virginia at the time of the Hearing, but has insufficient information to admit or deny whether he does now. With respect to the second sentence, Defendant admits that the Complaint is captioned in the name of both the Student, identified as "M.B.", and his Parents in their own right, but denies that those claims are founded.

5.   In response to the allegations in the first sentence of Paragraph 5 of the Complaint,

4

Defendant denies that FCPS is a municipal corporation receiving federal funds under the IDEA. Defendant states that the School Board, not FCPS, is a Local Education Agency for the purposes of IDEA; that it receives financial assistance through the Commonwealth of Virginia, which receives Federal Funds under the IDEA; and that it operates the Fairfax County Public Schools. The remaining allegations in that paragraph are averments of law, which need not be admitted or denied, but in any event are denied in that unqualified form.

6.   Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.   In response to the allegations contained in the sentence of Paragraph 7 of the Complaint, Defendant states that Student's Parents referred him to the Local Screening Committee ("LSC") at Sleepy Hollow Elementary School, which is part of the FCPS Child Find program, though the description of their concerns is too general to be admitted or denied. With respect to the second sentence, Defendant admits that Student was found eligible for special education under IDEA under the category of Other Health Impairment ("OHI") in July 2013, based upon a diagnosis of attention deficit hyperactivity disorder ("ADHD").

8.   In response to the allegations contained in Paragraph 8 of the Complaint, Defendant admits that Parents chose to have M.B. repeat kindergarten at Sleepy Hollow Elementary School within FCPS, and that he began the year at that school, but denies that he remained there for the entire school year.

9.   In response to the allegations contained in the first sentence of Paragraph 9 of the Complaint, Defendant admits only that Student attended a private school for first and part of second grade but lacks independent knowledge of the student-to-teacher ratio at that school during that time, which is therefore neither admitted nor denied. With respect to the second sentence, Defendant admits that Student was subsequently home-schooled, but lacks independent

5

knowledge of work done on Students' medication protocol during this time.

10. In response to the allegations contained in the sentence of Paragraph 10 of the Complaint Defendant admits that Student was enrolled at Sunrise Valley Elementary School as a fifth-grade student and that an IEP was put in place for him.

11. Defendant admits the allegations in the first sentence of Paragraph 11. With respect to the second sentence of that paragraph, Defendant admits that the August 21, 2018, IEP included, among other items, 14.5 hours weekly of specialized instruction in the general education setting and 15 hours weekly of specialized instruction outside the general education setting, but denies the characterization of these services as "interim." Defendant admits the allegations in the third sentence of Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. In response to the allegations contained in the first sentence of Paragraph 14 of the Complaint, Defendant admits that Student was administered an educational evaluation in August and September of 2018. With respect to all remaining allegations, including those about the Kaufman Test of Educational Achievement (KTEA-3), Defendant admits that the cited data is included in the evaluation, but states that the evaluation speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

15. In response to the allegations contained in the first sentence of Paragraph 15 of the Complaint, Defendant admits that the cited data appears within in the evaluation, but states that the evaluation speaks for itself as a whole, not as incompletely represented here, and they are therefore denied in that form. Defendant neither admits nor denies the allegations in sentence two of this Paragraph, as it was not addressed during the hearing. In response to the allegations

6

contained in the third sentence of this paragraph, Defendant denies that M.B. received a "3/9 on comprehension" but admits that his comprehension was not proficient. Defendant admits the allegations in sentence four of this paragraph. The allegations in sentence five of this Paragraph are too argumentative and subjective and are therefore denied.

16. In response to the allegations contained in Paragraph 16, admits that the quoted language appears as part of the report summary. Defendant states that the summary finishes with "This information should be considered with all other available data in decisions related to M.B.'s educational planning," and states that the Speech and Language Evaluation Report speaks for itself, not as incompletely quoted here, and the allegations are therefore denied in that form.

17. In response to the allegations contained in the first sentence of Paragraph 17 of the Complaint, Defendant admits that the cited data appears within in the evaluation, but states that the evaluation speaks for itself, not as incompletely represented in this sentence, and they are therefore denied in that form. In response to the allegations contained in the second sentence of Paragraph 17 of the Complaint, Defendant states that the evaluation speaks for itself, not as incompletely and inaccurately paraphrased and generalized in this sentence, and they are therefore denied in that form

18. In response to the allegations contained in Paragraph 18 of the Complaint, Defendant admits that Student underwent a psychological evaluation on September 26, and October 3 and 4, 2018, and that the quoted language appears within that evaluation, but states that the evaluation speaks for itself, not as incompletely quoted and represented in this paragraph, and they are therefore denied in that form.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Defendant admits that the cited data is included in the evaluation, but states that the evaluation speaks for

itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

20. In response to the allegation contained in Paragraph 20 of the Complaint, Defendant admits that Student was administered the Beery-Buktenica Developmental Test of Visual-Motor Integration, Sixth Edition ("VMI") as part of a psychological evaluation, and admits that the cited data is included in the evaluation, but states that the evaluation speaks for itself, not as incompletely represented in this paragraph, and it is therefore denied in that form.

21. In response to the allegations contained in the first sentence of Paragraph 21 of the Complaint, Defendant admits that the Behavior Assessment Scales for Children, Third Edition ("BASC-3") was utilized as part of a psychological evaluation, and admits that the cited data is included in the evaluation, but states that the evaluation speaks for itself, not as incompletely represented in this paragraph, and it is therefore denied in that form. Defendant denies the allegation contained in the second sentence, as the BASC-3 contains no such category specifically designated as "emotional functioning". Defendant admits that the data cited in the third sentence is included in the evaluation, but states that the evaluation speaks for itself, not as incompletely represented in this paragraph, and it is therefore denied in that form.

22. In response to the allegations contained in Paragraph 22 of the Complaint, Defendant admits that an Occupational Therapy Consultation was conducted in October and November of 2018, and states that the evaluation speaks for itself, not as incompletely paraphrased and generalized in this paragraph, and they are therefore denied in that form.

23. In response to the allegations contained in Paragraph 23 of the Complaint, Defendant admits that a reading class observation was conducted in on November 18, 2018, and admits that the cited ratings and quote appear in the observation assessment, but states that the assessment

speaks for itself, not as incompletely cited in this paragraph, and they are therefore denied in that form.

24. In response to the allegations contained in Paragraph 24 of the Complaint, Defendant admits that a Cognitive Abilities Test (CogAT) was conducted in October of 2018, and admits that the cited data is included on the results, but states that the test result page speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

25. Defendant denies the first sentence of Paragraph 25, as eligibility is determined by an Eligibility Committee, not an IEP team, though it admits that the categories of eligibility are correct. Defendant admits the allegations of the second and third sentences of Paragraph 25. As to the fourth sentence, Defendant states that FCPS proposed an assistive technology consultation, which the Parents agreed to. Defendant admits the allegations in the fifth sentence.

26. In response to the allegations contained in Paragraph 26 of the Complaint, Defendant admits that the January 4, 2019, IEP contained the cited data, but states that both the IEP and the referenced test results speak for themselves, not as incompletely represented in this paragraph, and they are therefore denied in that form.

27. Defendant admits the allegations contained in the first sentence of Paragraph 27 of the Complaint. In response to the allegations contained in the second and third sentences, Defendant admits that the cited data and statements are present in this document but states that both the IEP and the referenced Developmental Spelling Assessment ("DSA") speak for themselves, not as incompletely represented in this paragraph, and they are therefore denied in that form.

28. In response to the allegations contained in the first sentence of Paragraph 28 of the Complaint, Defendant admits only that the referenced IEP includes a statement that "Math computations are [M.B.]'s greatest deficit in math." In response to the allegations in the second

9

and third sentences of this Paragraph, Defendant admits only that the IEP includes the referenced data. In response to all of the allegations in this Paragraph, Defendant states that both the IEP and the underlying testing speak for themselves, not as incompletely paraphrased and generalized in this paragraph, and they therefore denied in that form.

29. Defendant admits the allegations in the first sentence of Paragraph 29. With respect to the second and third sentences of that paragraph, Defendant admits that the January 4, 2019, IEP included, the listed services and provisions, among other items.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in the first sentence of Paragraph 33 of the Complaint. Defendant denies the allegations of the second sentence as being too argumentative and because the IEP notes speak for themselves, not as incompletely generalized here. As to the rest of the allegations in this paragraph, Defendant admits that the cited quotation is included in the referenced IEP, states that Defendant lacks independent knowledge of the Parents' subsequent feelings about the Functional Behavior Assessment ("FBA") other than what is captured within the IEP, and states that the IEP speaks for itself and not as incompletely represented in this paragraph, and so denies these allegations in that form.

34. Defendant lacks independent knowledge of whether or not the allegations in Paragraph 34 are accurate, and they are therefore denied.

35. In response to the allegations contained in the first sentence of Paragraph 35 of the Complaint, Defendant admits only that the IEP proposed to update educational testing, and denies the rest as being argumentative and incomplete. In response to the allegations in the

second sentence of this Paragraph, Defendant admits only that the IEP documented that M.B. had "been assessed and given an evidence-based math program (TransMath)."

36. Defendant admits the allegations contained in the first sentence of Paragraph 36 of the Complaint. Defendant admits that the cited quotation is included in the referenced documentation, but states that the documentation speaks for itself and not as incompletely represented in this paragraph, and so denies these allegations in that form.

37. Defendant admits the allegations contained in the first sentence of Paragraph 37 of the Complaint. As to the allegations contained in the second and fourth sentences of this paragraph, Defendant admits that the IEP includes the quoted statements, but states that the IEP speaks for itself and not as incompletely represented in these sentences, and so denies them in that form. Defendant denies the allegations in the third sentence of this paragraph as being too argumentative and for inaccurately implying that the IEP reflects any consideration of or decision about a Behavior Intervention Program ("BIP").

38. Defendant lacks independent knowledge of when the Parents began their pursuit of private reading and math assessments, and denies the allegations contained in the first sentence of Paragraph 38 of the Complaint for that reason. As to the rest of the allegations in this paragraph, Defendant admits that Parents provided the district with a private reading and mathematics educational evaluation which includes the referenced data, but states that the evaluation speaks for itself, not as incompletely paraphrased and generalized in this paragraph, and they therefore denied in that form.

39. In response to the allegations contained in the Paragraph 39 of the Complaint, Defendant admits that the evaluation provided to the district contains the referenced statements, but denies that they constitute the evaluator's summary, and states that the assessment speaks for itself and

not as incompletely represented in this Paragraph – which among other things contains ellipsis – and the allegations are therefore denied in that form.

40. In response to the allegations contained in the Paragraph 40 of the Complaint, Defendant admits that the evaluation provided to the district contains the referenced statements, but denies that they constitute the evaluator's summary, and states that the assessment speaks for itself and not as incompletely represented in this Paragraph – which among other things contains ellipsis – and the allegations are therefore denied in that form.

41. Defendant admits the allegations contained in the first sentence of Paragraph 41 of the Complaint. With respect to rest of the allegations, Defendant admits that the January 31, 2020, IEP included the Defendant admits that the IEP includes the referenced quotation but states that the IEP speaks for itself, not as incompletely represented in this paragraph, and the allegations are therefore denied in that form.

42. In response to the allegations contained in the first sentence of Paragraph 42 of the Complaint, Defendant admits that Parents requested that a CSS program be considered for M.B. for middle school at this meeting, and denies that FCPS did not consider this placement. In response to the rest of the allegations, Defendant admits that the referenced services were included in the IEP among others, such as that M.B. would receive a total of 10.5 hours per week in the general education setting and 19.5 hours per week in the special education setting.

43. The allegations contained in Paragraph 43 of the Complaint are too argumentative, vague, overly broad, and subjective, and therefore are denied in that form.

44. In response to the allegations contained in Paragraph 44 of the Complaint, Defendant admits only that M.B. was suspended from school on the referenced dates. As to the rest of the allegations in this paragraph, Defendant states that the incident reports and relevant IEPs speak

for themselves, not as incompletely summarized and inaccurately represented in this paragraph, and they are therefore denied in that form.

45. In response to the allegations in Paragraph 45 of the Complaint, Defendant admits that according to IEP records, on March 9, 2020, FCPS began collecting data for another FBA, but cannot admit or deny precisely when FCPS "decided" to begin doing so.

46. Defendant admits the allegations contained in Paragraph 46 of the Complaint, and states that schools were closed thereafter for the balance of the 2019-20 school year.

47. In response to the allegations contained in Paragraph 47 of the Complaint, Defendant admits that an email was sent out on that date that included the quoted statement, but states that the email speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

48. Defendant denies the allegation contained in the first sentence of paragraph 48 of the Complaint. As to the rest of the allegations in Paragraph 48, Defendant states that the IEP team met on May 26, 2020, and that the notes from that meeting include the alleged quotations, but states that the IEP speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

49. Defendant denies the allegation contained in the first sentence of paragraph 49 that there was an April 15, 2020, IEP meeting, but states that the IEP team met on April 17, 2020, that the allegations in this paragraph appear to pertain to that meeting, and that the rest of the responses to this paragraph or only insofar as the allegations pertain to this meeting. Defendant admits the allegation in the third sentence of this Paragraph. Defendant denies the allegations in the fourth sentence of this paragraph as too argumentative and because Defendant lacks independent knowledge of the Parent's referenced motivations. As to the rest of the allegations in Paragraph

49, Defendant states that the notes from that meeting include the alleged information and quotations but states that the IEP speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

50. Defendant admits the allegations contained in Paragraph 50 of the Complaint insofar as they are understood to refer to the April 17, 2020, IEP meeting.

51. Insofar as these allegations are understood to refer to the April 17, 2020, IEP meeting, in response to the allegation contained in the first sentence of Paragraph 51, Defendant admits only that that a temporary learning plan ("TLP") was developed for M.B. by FCPS to cover 4/14/2020 - 6/12/2020 while schools were closed, that it was included in the notes for this meeting, and that it was explicitly designed and presented as not being a replacement or equivalent of an IEP. As to the rest of the allegations in this Paragraph, Defendant states that the TLP speaks for itself, not as incompletely paraphrased and generalized in this paragraph, and it is therefore denied in form.

52. Defendant denies the conclusory allegations in Paragraph 52 of the Complaint as to form, and states that schools were closed during the period in which the TLP was to be implemented.

53. Defendant states that the allegations contained Paragraph 53 of the Complaint are vague and unspecified and are denied in that form.

54. Defendant admits only the allegation contained in the first sentence of Paragraph 54 of the Complaint that this IEP indicates that M.B. passed two Mastery Tests, and states that the rest of the allegations are vague and unspecified, and denies them in that form.

55. In response to the allegations contained in Paragraph 55 of the Complaint, Defendant admits only that there was an IEP meeting on that date and that representatives from Burke attended and spoke, and states that the IEP speaks for itself, not as incompletely paraphrased and generalized here, as well as that the rest of the allegations are overly broad, and Defendant

therefore denies them in that form.

56. In response to the allegations contained in Paragraph 56 of the Complaint, Defendant states that they are overly broad and general and can neither be admitted nor denied in that form.

57. In response to the allegations contained in Paragraph 57 of the Complaint, Defendant admits that Dr. Sweet agreed with the IEP team in recommending the CSS at Herndon Middle School ("Herndon") at the time of that IEP, but states that the IEP notes, records, and Dr. Sweet's testimony speak for themselves, and denies as to form the Complaint's incomplete and generalized characterization of his reasons for doing so.

58. Defendant admits the allegations contained in the first sentence of Paragraph 58 of the Complaint, but states that the concerns were those of the Parents, not FCPS staff. As to the rest of the allegations in this paragraph, Defendant admits that the referenced quotation appears in the IEP, but states that the IEP speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant admits the allegations contained in the first sentence of Paragraph 60 of the Complaint. As to the rest of the allegations in this paragraph, Defendant admits that the referenced quotation appears in the IEP, but states that the IEP speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

61. Defendant states that the allegations contained in Paragraph 61 of the Complaint are argumentative and therefore denied in that form. Defendant admits that the FCPS members of the IEP team proposed a program at the CSS at Herndon Middle School, and that the Parents did not agree.

62. Defendant admits the allegations contained in the first sentence of Paragraph 62 of the

Complaint. As to the rest of the allegations, Defendant admits that it received a letter from counsel that included the referenced quote, though Defendant did not agree with the allegations and characterizations contained therein, which are therefore denied in substance.

63. Defendant admits the allegations contained in Paragraph 63 of the Complaint, but states that for the remainder of that year, the fifth day of the school week was devoted to asynchronous and support educational activities.

64. Defendant admits the allegations contained in the first sentence of Paragraph 64 of the Complaint. As to the rest of the allegations in this paragraph, Defendant admits that the referenced quotation appears in the email, but states that the email speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant states that the allegations contained in the first sentence of Paragraph 66 of the Complaint are an incomplete summary and are overly general, and denies them in that form. As to the rest of the allegations, Defendant admits that an email was sent that included the referenced quote, but states that the email speaks for itself, not as incompletely represented and generalized in this paragraph, and they are therefore denied in that form.

67. In response to the allegations contained in Paragraph 67 of the Complaint, Defendant admits only that an email was received on the referenced date and from the referenced party which included the referenced quote, but states that the email speaks for itself, not as incompletely represented and characterized in this paragraph, and the allegations are therefore denied in that form.

68. Defendant admits the allegations contained in the first sentence of Paragraph 68 of the Complaint. As to the second sentence of this Paragraph, Defendant admits that it included

teacher input regarding personal development, but as the provided quote is inaccurate and incomplete, denies this allegation in that form.

69. In response to the allegations contained in Paragraph 69 of the Complaint, Defendant admits only that there was an IEP meeting on April 15, 2021, which included teacher input. As to the rest of the allegations in this paragraph, Defendant states that that while this input included the cited quotations, among other things, these quotes are incomplete and the allegations are overly broad, and they are denied in that form.

70. In response to the allegations contained in Paragraph 70 of the Complaint, Defendant states that the IEP and speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

71. Defendant admits the allegations contained in the first sentence of Paragraph 71 of the Complaint. As to the rest of the allegations in this paragraph, Defendant admits only that the IEP team recommended placement at Burke School, and state that the rest of the allegations are too vague and argumentative, and they are therefore denied in that form.

72. In response to the allegations contained in Paragraph 72 of the Complaint, Defendant states that teachers would, as needed, receive training before implementing a Wilson reading intervention, and states that those teachers would be fully qualified to provide that program, and accordingly denies the first sentence as phrased. Defendant denies the allegations in the second sentence of this paragraph.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant admits the allegation in the first sentence of Paragraph 74 of the Complaint. Defendant denies the allegation in the second sentence of this Paragraph.

75. In response to the allegations contained in Paragraph 75 of the Complaint, Defendant

admits only that Phillips School is a private special education school that continues through High School. As to all other averments in that Paragraph, Defendant states that they are too vague, ambiguous, or generalized to allow a response, and that Defendant lacks independent knowledge of them, and they are therefore denied in that form, including that Phillips School "provides highly individualized learning environments with small classes and specially trained staff" and that "Phillips has experienced Wilson trained teachers, led by a Level 1 certified teacher".

76. Defendant admits the allegations contained in Paragraph 76 of the Complaint.

77. Defendant admits the allegations contained in Paragraph 77 of the Complaint.

78. In response to the allegations contained in the first sentence of Paragraph 78 of the Complaint, Defendant admits that Student underwent a speech and language evaluation on August 4, 2021. With respect to all remaining allegations, Defendant states that the evaluation speaks for itself, not as incompletely cited in this paragraph, and they are therefore denied in that form.

79. In response to the allegations contained in Paragraph 79 of the Complaint, Defendant admits that the quoted language appears in the summary, states that the summary finishes with "This information should be considered with all other available data in decisions related to [M.B.]'s educational planning," and states that the evaluation speaks for itself, not as incompletely cited in this paragraph, and the allegations are therefore denied in that form.

80. In response to the allegations contained in the first sentence of Paragraph 80 of the Complaint, Defendant admits that Student underwent a psychological evaluation on August 5, 2021. With respect to all remaining allegations, Defendant states that the evaluation speaks for itself, not as incompletely cited in this paragraph, and they are therefore denied in form.

81. In response to the allegations contained in Paragraph 81 of the Complaint, Defendant

18

admits that the IEP team convened on September 10, 2021, but the remaining allegations are too general to be admitted or denied.

82. Defendant admits the allegations in the first sentence of Paragraph 82. As to the rest of the allegations in this Paragraph of the Complaint, Defendant admits that the cited data is included in the evaluation, but states that the evaluation speaks for itself, not as incompletely represented in this paragraph, and they are therefore denied in that form.

83. In response to the allegations contained in Paragraph 83 of the Complaint, Defendant admits only that Phillips School provided documentation with the referenced date and claims, but Defendant does not agree with the conclusions therein.

84. Defendant lacks independent knowledge of the allegations contained in Paragraph 84 of the Complaint, which can therefore neither be admitted nor denied.

85. In response to the allegations contained in Paragraph 85 of the Complaint, Defendant admits only that Phillips School provided a document titled "Phillips school amended individualized instruction plan" which included goals and objectives in the listed categories.

86. Defendant admits the allegations contained in the first sentence of Paragraph 86 of the Complaint. In response to the rest of the allegations in this Paragraph, Defendant states that while the referenced conclusion and quote do appear in the November 4, 2021, IEP, the IEP speaks for itself, not as incompletely represented, generalized, and paraphrased in this paragraph, and these allegations are therefore denied in that form.

87. Defendant states that the allegations contained in Paragraph 87 of the Complaint are vague and overly broad and therefore can neither be admitted nor denied in that form.

88. In response to the allegations contained in Paragraph 88 of the Complaint, Defendant admits only that staff from Phillips attended and spoke at the referenced IEP meeting. In

response to the rest of the allegations of this paragraph, Defendant states that the IEP speaks for itself, not as incompletely represented, generalized, and paraphrased in this paragraph, and these allegations are therefore denied in that form.

89. Defendant admits the allegations contained in Paragraph 89 of the Complaint.

90. In response to the allegations contained in Paragraph 90 of the Complaint, Defendant states that they are argumentative, conclusory, and overly broad, and therefore denies them.

91. In response to the allegations contained in Paragraph 91 of the Complaint, Defendant states that the IEP speaks for itself, not as incompletely represented, generalized, and paraphrased in this paragraph, and these allegations are therefore denied in that form.

92. In response to the allegations contained in Paragraph 92 of the Complaint, Defendant admits only that M.B. does not have an eligibility coding for an emotional disability. As to all other allegations, Defendant states that M.B. has been receiving various levels of "emotional disability" services in agreed upon IEPs since 2020, and they are therefore denied as phrased.

93. Defendant admits the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

95. Defendant admits the allegations contained in Paragraph 95 of the Complaint.

96. In response to the allegations contained in the first sentence of Paragraph 96 of the Complaint, Defendant admits that the Parents presented testimony from the named witnesses, and denies all other allegations.

97. Defendant admits the allegations contained in Paragraph 97 of the Complaint, but further states that she issued an amended decision on May 24, 2022.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of the Compliant.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant admits the allegations contained in Paragraph 116 of the Complaint.

117. In response to the allegations contained in Paragraph 117 of the Complaint, Defendant admits that Plaintiffs exhausted their administrative remedies, only as to the IDEA-based claims raised in the Hearing.

118. In response to the allegations in Paragraph 118 of the Complaint, Defendant incorporates by reference its responses to all other paragraphs of the Complaint.

119. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

120. In response to the allegations in Paragraph 120 of the Complaint, Defendant incorporates by reference its responses to all other paragraph of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. In response to the allegations in Paragraph 122 of the Complaint, Defendant incorporates by reference its responses to all other paragraph of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125. Any allegation in the Complaint which has not specifically admitted is denied.

126. In response to the allegations contained in the Complaint's Prayer for Relief, Defendant denies that Plaintiffs are entitled to any of the relief sought stated therein, and accordingly item 1-6 in Plaintiffs' Prayer for Relief should be denied.

WHEREFORE, Defendant Fairfax County School Board requests that all those portions of the decision of the Hearing Officer in favor of the School Board be affirmed, and that Plaintiffs' Complaint be dismissed with prejudice and all requested relief be denied.

FAIRFAX COUNTY SCHOOL BOARD
By Counsel

Date: October 18, 2022

_____/S/_____
John F. Cafferky, Esq. (VSB No. 26179)
*jcafferky@bklawva.com*
Emily Haslebacher, Esq. (VSB No. 92281)
*ehaslebacher@bklawva.com*
BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Telephone: 703-691-1235
Facsimile: 703-691-3913

*Counsel for Defendant*
*Fairfax County School Board*

**Certificate of Service**

I hereby certify that on this 18th day of October, 2022, I will electronically file the

foregoing Answer with the Clerk of the United States District Court for the Eastern District of

Virginia, Alexandria Division, using the CM/ECF system, which will then send a notification of

such filing (NEF) to the following:

> Paula A. Rosenstock, Esq. (VSB No. 65787)
> MICHAEL J. EIG AND ASSOCIATES, P.C.
> 5454 Wisconsin Avenue
> Suite 760
> Chevy Chase, Maryland 20815
> (301) 657-1740
> (301) 657-3842 (fax)
> Paula.Rosenstock@lawforchildren.com
> *Counsel for Plaintiffs*

> _____/S/_____
> John F. Cafferky, Esq. (VSB No. 26179)
> *jcafferky@bklawva.com*
> Emily K. Haslebacher, Esq. (VSB No. 92281)
> *ehaslebacher@bklawva.com*
> BLANKINGSHIP & KEITH, P.C.
> 4020 University Drive, Suite 300
> Fairfax, Virginia 22030
> (703) 691-1235 (Telephone)
> (703) 691-3913 (Facsimile)
>
> *Counsel for Defendant*
> *Fairfax County School Board*